**The Law Offices of Jeffrey Lohman, P.C.**
Jeffrey Lohman – Arizona Bar # 032315
4740 Green River Road
Suite 206
Corona, CA 92880
(866) 329-4217
(657) 246-1311 - fax
Email: JeffL@jlohman.com
Attorneys for Plaintiff,
Everett Annin

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA
# PHOENIX DIVISION

| | |
|---|---|
| EVERETT ANNIN,<br><br>Plaintiff,<br><br>– v. –<br><br>CHASE BANK USA, N.A.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br>**with Jury Demand** |

Plaintiff, EVERETT ANNIN ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, CHASE BANK USA, N.A. ("Defendant") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. §1331 and 47 U.S.C. § 227(b)(3). See

<u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012) holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

4. The violations described in this Complaint occurred in Arizona.

**PARTIES**

5. Plaintiff is a natural person residing in Pinal County, in the city of Florence, Arizona, and is otherwise *sui juris*.

6. Defendant is a nationally chartered bank, doing business in the state of Arizona, with its principal place of business located in Wilmington, Delaware.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**FACTUAL ALLEGATIONS**

8. Defendant is a "person" as defined by 47 U.S.C. §153 (10).

9. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

10. Plaintiff is an "alleged debtor" and a "called party".

11. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (520) 827-9XXX.

12. Defendant placed collection calls to Plaintiff from various telephone numbers including, but not limited to, (210) 520-6400, (402) 220-4822, (847) 426-9203, (847) 426-9209, (407) 732-2416, (210) 520-0146, (210) 520-0004 and (813) 372-1900.

13. Upon information and belief and based on Defendant's prior business practices, Defendant's calls were placed with an automatic telephone dialing system.

14. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

15. Defendant's calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

16. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

17. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

18. On or about January 31, 2018, Plaintiff called Defendant's company at phone number (210) 520-6400, spoke with two of Defendant's representatives. Of the two, the latter one identified herself as "Gigi" with ID Number "I384386."

19. During the aforementioned conversation, Plaintiff gave Defendant his personal information and telephone number in order to assist Defendant in identifying him and accessing Plaintiff's account before asking Defendant to stop calling his cellular telephone.

20. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on January 31, 2018.

21. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff after January 31, 2018.

22. Defendant continued to place collection calls to Plaintiff on his cellular telephone at least through July 2018.

23. Despite Plaintiff's request that Defendant cease placing automated collection calls to Plaintiff via the use of an automatic telephone dialing system, Defendant continued to place at least one hundred fifteen (115) telephone calls via the use of an automatic telephone dialing system to Plaintiff's cellular telephone.

24. Defendant placed the great number of telephone calls to Plaintiff with the sole intention of harassing Plaintiff in such a manner so as to cause Plaintiff to pay the alleged debt claimed by Defendant, even when Plaintiff admittedly had impaired ability to pay. This telephonic harassment caused Plaintiff considerable anxiety and emotional distress.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT  - 47 U.S.C. §227(b)(3)(B)**

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

27. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, EVERETT ANNIN, respectfully requests judgment be entered against Defendant, CHASE BANK USA, N.A., as follows:

    a.    Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: one hundred fifteen (115) for a total of fifty thousand five hundred dollars ($57,500.00);

    b.    Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

    c.    Granting Plaintiff such other and further relief as may be just and proper.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b)(3)(C)

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

30. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

31. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, EVERETT ANNIN, respectfully requests judgment be entered against Defendant, CHASE BANK USA, N.A., as follows:

    a.    Awarding Plaintiff statutory damages statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: one hundred fifteen (115) for a total of one hundred fifty-one thousand dollars ($172,500.00);

    b.    Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

    c.    Granting Plaintiff such other and further relief as may be just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: August 7, 2018

                        RESPECTFULLY SUBMITTED,

                        By: */s/ Jeffrey Lohman*
                              Attorney for Plaintiff
                              The Law Offices of Jeffrey Lohman, P.C.